CARUSO, RINELLA, BATTAGLIA Co., INC., Plaintiff, *v.* GEORGE D. LAMBERTON, Defendant.

County Court, Schenectady County, February 2, 1933.

*J. Franklin Kilmer*, for Caruso, Rinella, Battaglia Co., Inc.

*Del B. Salmon* and *Jasper S. Levine*, for Wilson & Co., Inc.

LIDDLE, J. Application has been made for an order determining the preference of the filing of two certain garnishee executions. Wilson & Co., Inc., have an unsatisfied judgment against George D. Lamberton, commissioner of public safety of the city of Schenectady, in the amount of $913.36. Caruso, Rinella, Battaglia Co., Inc., have an unsatisfied judgment against the same defendant for $1,374. Executions have been duly returned wholly unsatisfied.

Orders that a garnishee execution be issued were granted in above cases by Hon. JOHN ALEXANDER, justice of the Supreme Court, on January 2, 1932.

The garnishee execution on behalf of Wilson & Co., Inc., was duly filed on January 2, 1932, with the sheriff of the county of Schenectady, who, on the 7th day of January, 1932, duly presented it to Mr. Walter Whitmyre, city treasurer of the city of Schenectady. The validity of the presenting of this garnishee execution is not questioned.

On the 2d day of January, 1932, the garnishee execution of the Caruso, Rinella, Battaglia Co., Inc., shortly after the order was granted, was presented to one D. M. Rector, deputy sheriff of the county of Schenectady. Charles L. Heffernan, a clerk in the office of J. Franklin Kilmer, advised the deputy sheriff that the garnishee execution should be presented without delay. The deputy sheriff returned the execution to Charles L. Heffernan, who, on the same day, namely, January 2, 1932, presented it to Mr. Walter Whitmyre, city treasurer of Schenectady, N. Y.

Del B. Salmon, attorney for Wilson & Co., Inc., upon receiving such information, served notice on Mr. Walter Whitmyre, city treasurer of the city of Schenectady, and upon the sheriff of the county of Schenectady, that Wilson & Co., Inc., claimed a priority and preference.

Ten per cent of the monthly salary of George D. Lamberton, judgment debtor, has been deducted by said treasurer of the city of Schenectady during the past year.

The validity of the presentation of the garnishee execution of the Caruso, Rinella, Battaglia Co., Inc., is to be determined.

Subdivision 1 of section 684 of the Civil Practice Act reads in part as follows: " Only one execution against the wages, * * * shall be satisfied at one time, and where more than one execution has been issued * * * against the same debtor, they shall be satisfied in the order of priority in which said executions are presented to the person or persons from whom such wages * * * are due and owing."

Had all proceedings been pursued according to statute, the Caruso, Rinella, Battaglia Co., Inc., garnishee execution should first be satisfied.

Section 636 of the Civil Practice Act requires that the officer to whom the execution is directed must be the sheriff, or, of course, a deputy sheriff. The duties of the sheriff or his deputy, in making a levy, are statutory. Such officers have only such authority in making a levy as is prescribed by statute.

Section 182 of the County Law reads in part as follows: " Any person may also be deputed by any sheriff or under-sheriff by written instrument to do particular acts." This is a statutory direction or limitation of authority. Heffernan had no written

authority to present the execution. Oral direction is insufficient. The Legislature could never have intended that any person, let alone one who may have some interest in the result, be deputized orally to present a garnishee execution, especially where it is known that other garnishee executions may be filed. The statute must be reasonably pursued and all requirements reasonably complied with. In the absence of such compliance, there would be such a marked departure in the administration of justice and procedure that it would lead to much difficulty, confusion and disorder.

The presenting of the garnishee execution by one who had no legal authority has no legal effect and is a nullity. Heffernan had no statutory authority to present the execution. The garnishee execution presented by the sheriff on behalf of Wilson & Co., Inc., was presented pursuant to statute and has preference and priority over one irregularly presented.

An order may be accordingly submitted.